DÍAZ CANEJA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the *Fiscal* of the District of Humacao acting as Registrar for said District.

No. 7.—Decided January 21, 1904.

PROPERTY RIGHTS—TRANSFERS FROM OLD RECORDS TO THE NEW REGISTRY OF PROPERTY.—Although article 397 of the Mortgage Law, and 449 of the Regulations for the execution thereof, provide that the transfer of property rights recorded in the old "Office of Mortgages" to the books of the new Registry of Property, must be applied for within the period of one

debe entenderse para que los derechos reales así trasladados pudieran surtir efecto en perjuicio de tercero; pero no existiendo terceros á quienes pueda perjudicar el traslado, éste puede solicitarse en cualquier tiempo.

Id.—Á los efectos de los Artículos 397 de la Ley Hipotecaria y 449 de su Reglamento, no pueden considerarse como terceros los que á la fecha de la publicación de la nueva Ley Hipotecaria en esta Isla, ó dentro del año concedido para la traslación de los antiguos asientos al nuevo Registro, hubiesen adquirido alyún derecho real sobre las fincas gravadas.

EXPOSICIÓN DEL CASO.

Visto el presente recurso gubernativo interpuesto por el abogado Don Jacinto Texidor y Alcalá del Olmo á nombre del Presbitero Don Manuel Diaz Caneja contra negativa del Fiscal del Distrito de Humacao en funciones de Registrador de la Propiedad de aquél Partido, por impedimento del propietario, sobre traslado de un censo de los antiguos á los modernos libros del Registro.

*Resultando*: que presentado escrito al Registrador de la Propiedad de Humacao en 2 de Julio último por el Presbitero Don Manuel Diaz Caneja como Administrador de las Reverendas Madres Monjas Carmelitas de esta Capital, en solicitud del traslado de los libros antiguos del oficio de hipotecas á los modernos del Registro de la Propiedad, de un capital á censo por valor de dòs mil pesos impuesto por Don Francisco Surillo á favor de su hija Doña Teresa, Monja Carmelita, sobre una estancia de su propiedad radicada en el barrio de la Calatrambreña del término municipal de Yabucoa, de trescientas cuerdas de cabida, y de la que correspondía en propiedad una tercera parte á Don Ramón Pou y Buzó, por haberla adquirido por compra á Don Narciso Soler, por escritura pública otorgada en la Villa de Humacao ante el Notario Don Eugenio de Torres, en 8 de Septiembre de 1879, y que pasado el escrito al Fiscal del Distrito, por impedimento del propietario para la resolución del traslado pro-

year from the time of the promulgation of said law, this provision should be understood as applicable where the property rights thus transferred might have the effect of prejudicing a third party; but where there are no third parties that might be prejudiced by the transfer, the same can be applied for at any time.

ID.—THIRD PARTIES.—Persons who at the time of the promulgation of the new Mortgage Law in this Island, or within the year allowed for the transfer of old records to the new Registry, had acquired property rights over encumbered realty, cannot be considered third parties for the purposes of aforesaid articles of the Mortgage Law and the Regulations for the execution thereof.

## STATEMENT OF THE CASE.

This is an appeal taken by Jacinto Texidor y Alcalá del Olmo, attorney-at-law, on behalf of the Rev. Manuel Díaz Caneja, from a decision of the *Fiscal* of the District of Humacao, acting, by reason of the incapacity of the incumbent, as registrar of property for said district, whereby the transfer of an annuity (*censo*) from the old to the new books of the Registry is refused.

On July 2, 1903, the Rev. Manuel Díaz Caneja, as administrator of the Carmelite Sisters of this city, filed a petition with the registrar of property of Humacao requesting the transfer from the old to the new mortgage books of the Registry of Property of an annuity-earning principal of two thousand *pesos* settled by Francisco Surillo on his daughter Teresa, a Carmelite nun, upon a farm belonging to him, situated in *barrio* "Calatrambeffa," within the municipal district of Yabucoa, consisting of three hundred *cuerdas,* of which one-third belonged to Ramón Pou y Buzó by purchase from Narciso Soler, according to deed executed in Humacao before Notary Eugenio de Torres, September 8, 1879. Said petition was handed over to the district attorney by reason of the inability of the registrar to take action upon the proposed transfer. Said transfer had reference only to one-third of the encumbered farm, belonging to Ramón Pou, the other two-thirds having been conveyed to a third party. The

puesto, tan sólo sobre la tercera parte de la finca gravada, perteneciente á Don Ramón Pou, por haber pasado á tercero las otras dos terceras partes, denegó el traslado el Fiscal del Distrito por las razones que expuso en la nota que obra al pie de dicho escrito y que copiada á la letra dice así:

"No practicado el traslado de los gravámenes que se interesan en el escrito que precede, por adolecer del defecto de haberse solicitado con posterioridad al plazo que señala el Artículo trescientos noventa y siete de la Ley Hipotecaria y resultar en perjuicio de tercero toda vez que en esta oficina aparece presentada una escritura otorgada en esta ciudad ante el Notario Don Antonio de Aldrey en dos de Noviembre de mil ochocientos noventa y nueve con la que Don Ramón Pou y Rios por sí y como apoderado de los herederos de Don Ramón Pou y Buzó vende á Doña María Ernestina Filomena Ortiz é Yraris la participación de una tercera parte que en esta finca tuviera su causante cuya escritura por adolecer de defectos fué anotada preventivamente bajo la letra D al fólio 88 vuelto del tomo 19 de Yabucoa, finca número 239 duplicado, que es la misma sobre la que pesaban los gravámenes cuya traslación se solicita y tomada anotación preventiva de suspensión por el plazo de ciento veinte días de acuerdo con la sección 7ª. de la Ley de 31 de Marzo de 1902.—Humacao tres de Julio de mil novecientos tres.  Luis Campillo, Fiscal".

*Resultando*: que notificada la negativa del sustituto del Registrador al Presbitero Don Manuel Diaz Caneja, interpuso este por conducto de su abogado defensor Don Jacinto Texidor y Alcalá del Olmo el presente recurso gubernativo para que se revocara dicha nota, y se ordenara al Registrador sustituto la práctica del traslado propuesto.

*Resultando*: que acordado para mejor proveer se librara carta orden al Fiscal del Distrito de Humacao, en su carácter expresado, para que á la mayor brevedad remitiera, á este Tribunal Supremo certificación que acreditara el día del vencimiento de la anotación preventiva tomada á favor de Doña Ernestina Filomena Ortiz é Yraris, á la que se refería en su nota denegatoria del traslado, de la certificación librada por

district attorney refused to make the transfer as requested for the reasons set forth in a memorandum placed at the foot of the petition, and which, literally transcribed, reads as follows:

"The transfer of the encumbrances as requested above is refused, because the petition has the defect of having been presented after the expiration of the period prescribed by article 397 of the Mortgage Law and prejudices a third party, inasmuch as a deed executed in this city before Notary Antonio de Aldrey, November 2, 1899, appears to have been presented at this office, whereby Ramón Pou y Ríos, on his own behalf and as attorney-in-fact of the heirs of Ramón Pou y Buzó, conveys to María Ernestina Filomena Ortiz é Iriarte, their share of one-third in said farm, which had belonged to their predecessor in interest, and of which deed owing to defects therein, cautionary notice was entered, under letter 'D,' folio 88, reverse side, volume 19 of Yabucoa, property No. 239 duplicate, which is the same property as that subject to the encumbrances the transfer of which is requested; and cautionary notice of this petition is duly entered to have effect during four months from the date hereof, under section 7 of the act approved March 31, 1902. Humacao, July 3, 1903. Luis Campillo, District Attorney."

Notice of this refusal having been served upon the Rev. Manuel Díaz Caneja, the latter, through his attorney, Jacinto Texidor y Alcalá del Olmo, entered this appeal asking that the aforesaid memorandum be set aside and the acting registrar ordered to enter the desired transfer.

That the ends of justice might best be served, an order was issued by the court calling upon the district attorney of Humacao, in his capacity as acting registrar, to forward without delay to this court a certificate showing the date when the cautionary notice entered in favor of Ernestina Filomena Ortiz é Iriarte, referred to in his memorandum refusing to make the transfer expired; and from the certificate

dicho funcionario con fecha 11 del que cursa, y remitida al Secretario de este Tribunal con su carta oficial del 18 y recibida aquí el día siguiente, aparece que dicha anotación fué tomada con fecha cuatro de Febrero del año próximo pasado, venciendo por tanto á los 120 días de su fecha, ó sea el 3 de Junio siguiente; pero agregando además que sobre la misma finca había sido tomado también con fecha 3 de Julio del mismo año otra anotación suspensiva por 120 días á favor de la Reverenda Sor. Teresa de Jesús nuestra Señora de los Dolores María Manuela de Jesús Surillo, la que á su vez se hallaba igualmente cancelada por haber expirado el término en 30 de Octubre del mismo año y no haberse acreditado en aquella oficina la interposición de recurso á dicha anotación durante dicho plazo; y que según el asiento número 385 hecho al folio ciento cincuenta del Libro 12 del Diario de aquel Registro había sido presentada de nuevo la escritura de compra-venta otórgada á favor de Doña María Ernestina Filomena Ortiz y que había dado lugar á la anotación preventiva tomada á favor de dicha Señora, cuyo documento se hallaba pendiente de inscripción surtiendo sus efectos legales el citado asiento de presentación.

Abogado del recurrente: *Sr. Texidor.*

El Juez Presidente Sr. Quiñones, depués de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que si bien con arreglo á los Artículos 397 de la Ley Hipotecaria de esta Isla y 449 del Reglamento dictado para su ejecución, el traslado de los derechos reales anotados en el antiguo Oficio de Hipotecas á los libros del Moderno Registro de la propiedad, debía solicitarse dentro del año siguiente á la publicación de dicha Ley, esto debe entenderse para que los derechos reales así trasladados pudieran surtir efecto en perjuicio de tercero; pero que no existiendo terceros á quienes pudiera perjudicar el traslado, podía éste solicitarse en cualquier tiempo.

*Considerando*: que para los efectos de los citados Artí-

issued by said official under date of 11th instant, and forwarded to the clerk of this court, together with his official letter dated the 18th, which was received here the following day, it appears that said cautionary notice was entered on February 4, 1903, and therefore had expired on June 3, 1903, or one hundred and twenty days thereafter; but it was further stated that regarding said property, another cautionary notice in favor of Sister Teresa de Jesús, Nuestra Señora de los Dolores María de Jesús Surillo, had also been entered on July 3, 1903, to take effect during one hundred and twenty days, which had likewise been canceled, having expired on October 30, 1903, and it not having been shown that any appeal had been entered during said period; and that according to entry No. 385, on folio 150, book 12, of the journal of said Registry, the deed of purchase and sale executed in favor of María Ernestina Filomena Ortiz had again been presented, giving rise to the cautionary notice entered in favor of said Filomena Ortiz, the record of which document was pending, while the aforesaid entry of its presentation was still running its legal course.

*Mr. Texidor,* for appellant.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

Although under articles 397 of the Mortgage Law for this Island, and 449 of the Regulations for the execution thereof, the transfer of property rights recorded in the old "Office of Mortgages" to the books of the modern Registry of Property had to be applied for within the period of one year from the time of the promulgation of said law, this provision should be understood as applicable where the property rights thus transferred might have the effect of prejudicing a third party; but where there were no third parties who might be prejudiced by the transfer, it could be applied for at any time.

For the purposes of the aforesaid articles of the Mort-

culos de la Ley y Reglamento Hipotecarios y con arreglo á las aclaraciones contenidas en la Real Orden de 28 de Noviembre de 1894, no pueden considerarse como terceros los que á la fecha de la publicación de la nueva Ley Hipotecaria en esta Isla, ó dentro del año concedido para la traslación de los antiguos asientos al Nuevo Registro, hubiesen adquirido algún derecho real sobre las fincas grávadas; y que haciendo aplicación de estos principios al presente caso, es evidente que ningún obstáculo podía oponerse á la traslación del censo solicitada por el Presbítero Don Manuel Diaz Caneja, toda vez que ni Don Ramón Pou y Buzó, ni sus herederos, que venían poseyendo la tercera parte de la finca de que se trata, podían considerarse terceros á los efectos de la traslación solicitada: el primero, por haberla adquirido con anterioridad á la publicación de la citada ley, con conocimiento de la existencia del gravámen, y constituyéndose á su pago y los segundos porque como continuadores de la personalidad de su causante, están sujetos al cumplimiento de sus obligaciones; y en cuanto á Doña María Ernestina Ortiz, porque habiendo caducado la anotación preventiva tomada á su favor sobre la finca de referencia, con anterioridad á la, fecha de la presentación en el Registro del escrito en solicitud del traslado, según resulta de la certificación elevada á esta superioridad por el sustituto del Registrador de Humacao, ningún efecto podía ya producir para impedirlo.

*Considerando*: que no viniendo en grado las demás cuestiones que pueden surgir con motivo de las operaciones últimamente practicadas en el Registro de la Propiedad respecto á la finca de referencia á que también se refiere la certificación del Registrador, no pueden ser resueltas en el presente recurso.

*Vistos* los artículos citados de la Ley y Reglamento Hipotecarios y las Reales Ordenes aclaratorias de 19 y 30 de Enero de 1894 y 18 de Junio de 1895.

*Se revoca* la nota denegatoria del traslado puesta por el

gage Law and Regulations for its execution, and according
to the explanations contained in the Royal Order of November
28, 1894, persons who at the time of the promulgation of the
new Mortgage Law in this Island, or within the year allowed
for the transfer of the old records to the new Registry, had
acquired any property right over encumbered realty, could
not be considered as third parties; and applying this prin-
ciple to the present case, it is evident that nothing could pre-
vent the transfer of the annuity, as requested by the Rev.
Manuel Díaz Caneja, inasmuch as neither Ramón Pou y
Buzó, nor his heirs, who were in possession of one-third of
the farm in question, could be considered as third parties for
the purposes of the desired transfer; the former, because he
had acquired it before the promulgation of said law, with
knowledge of the encumbrance, which he had engaged to sat-
isfy, and the latter, because, having succeeded to the person-
ality of the one from whom their rights were derived,
are bound to the fulfillment of his obligations; and as to María
Ernestina Ortiz, because the cautionary notice entered in
her favor with reference to said farm having lapsed, prior to
the filing in the Registry of the petition requesting the trans-
fer, as appears from the certificate forwarded to this court
by the acting registrar of Humacao, it could no longer pro-.
duce the effect of preventing said transfer.

Such other issues as might arise in connection with the
recent entries made in the Registry of Property with respect
to aforesaid farm, and to which the registrar's certificate
also refers, not having been submitted, they cannot be passed
upon in the present appeal.

In view of the above mentioned articles of the Mortgage
Law and Regulations, and the explanatory Royal Decrees of
January 19 and 30, 1894, and June 18, 1895, we reverse the
decision of the district attorney of Humacao, acting

Fiscal del Distrito de Humacao en funciones de Registrador de la Propiedad de aquél Partido, al pie del escrito del Presbitero Don Manuel Diaz Caneja, y se declara con lugar el traslado del censo de dos mil pesos solicitado por el mismo Presbitero sobre la finca de que se trata en el presente recurso. Notifíquese esta resolución al abogado defensor del recurrente con devolución de los documentos presentados y remítase copia certificada de la misma al fiscal del Distrito de Humacao para su conocimiento y demás efectos procedentes.

Jueces concurrentes: Sres. Hernández y MacLeary.

Los Jueces Asociados Sres. Figueras y Sulzbacher no intervinieron en la resolución de este caso.

---

## Ex-Parte Cintrón.

### Solicitud para que se expida mandamiento de Habeas Corpus.

No. 27.—Resuelto en Enero 25, 1904.

Apelación.—Cortes de Distrito.— Juzgados de Paz.—Las sentencias dictadas por las Cortes de Distrito en apelaciones de los Juzgados de Paz son definitivas y contra ellas no cabe apelación para ante el Tribunal Supremo.

Habeas Corpus.—Modo de Preparar la Solicitud.—Juramento de las Mismas.—Las solicitudes de habeas corpus deben contener una exposición clara de los hechos, sin alegaciones de derecho, y deben estar firmadas y juradas por el propio peticionario.

Id.—Solamente en los casos en que el peticionario fuere demente, ó no le fuera fácil comunicarse con su abogado ó por cualquier otra razón no pudiera hacer la solicitud personalmente, ésta podrá formularse por su abogado.

Id.—Las solicitudes de Habeas Corpus deben estar juradas ante funcionarios competentes, pero en los casos en que sea el abogado el que haga la solicitud, si es miembro de una sociedad de abogados, no debe prestar el juramento ante otro miembro de la misma sociedad, que sea también notario.

Id.—Su Objecto.—El auto de Habeas Corpus tiene por único objeto libertar al peticionario que esté sufriendo prisión ilegal, pero no puede invocarse á los efectos de una apelación ó de un recurso por causa de error, ó certiorari, ni para reparar perjuicios ocasionados por la prisión ilegal.

as registrar of property of said district, placed at the foot of the petition of the Rev. Manuel Díaz Caneja, and declare that the transfer of the annuities on two thousand *pesos,* requested by said Díaz Caneja upon the farm in question, should be made. Notice of this decision is ordered to be given to appellant's attorney, to whom the documents presented shall be returned, a certified copy hereof to be forwarded to the *Fiscal* of the district of Humacao for his information and guidance.

Justices Hernández and MacLeary concurred.

Justices Figueras and Sulzbacher took no part in the decision of this case.